### RYDER v. WILSON'S EXECUTORS.

1. When a right of action has become barred under a statute of limitation, the statutory defence is a vested right, that cannot be impaired by subsequent legislation.

2. In the administration of a decedent's estate, the expiration of the time for the creditors to present their claims, worked, under the old law, a bar to claims not presented. *Held*, that the repeal of the law authorizing this procedure, did not revive the right to enforce, against the personal representative, such unpresented claims.

3. The rule and the fact that the claim sued on was not presented within the time limited, may be pleaded as a bar.

---

This suit was on two promissory notes, alleged to have been made by the decedent.

The defendant pleaded, specially, the following facts, viz.: That the surrogate of Union county, on December 16th, 1873, made an order that public notice be given to the creditors of the estate, to bring in their claims within nine months, &c.; that such notice was duly published, and that no holder of the notes sued on presented any claim, &c. The nine months limited by the order, expired on September 16th, 1874.

To this plea the plaintiff demurred.

Argued at November Term, 1878, before BEASLEY, CHIEF JUSTICE, and Justices WOODHULL and REED.

For the demurrant, *G. P. Smith* and *B. Williamson.*

For the defendants, *Magie & Cross.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. That a rule to bar creditors was duly taken and published, in this case, and that, by the expiration of the time so limited for the coming in of claims, the present right of action, by force of the laws then existing, was barred, so far forth as a right of recovery against the defendant is concerned, is not questioned. That a failure, on the part of a creditor, to bring his claim in within the prescribed period, took away his right of action against the personal representative of the deceased, was expressly held in the case of *Ryan* v. *Flanagan's Administrator*, 9 *Vroom* 161. The contention now made is, that the act by virtue of which the order of limitation was granted, and which imparted to it the effect of circumscribing the right of the creditor to sue to a certain fixed period, having been repealed, such order has lost all legal efficiency, the result being that the action of the plaintiff is not barred, and will not be so barred until a decree founded on the rule to limit claims has been taken, in accordance with the provisions of the statute as it at present appears in the late revision. As the claim now in suit was, in point of fact, barred before the enactment of the repealing statute, it will be observed that the proposition is, that if a statute of limitation be repealed, all rights of action which were destroyed by it are revived, and can be enforced by a judicial proceeding. But I can find nothing in the nature of the transaction, nor in legal principles, that will lend the least support whatever to such a contention. The products of such a doctrine would be simply injustice and confusion. As applied to the class of cases in which the present one is comprehended, it would open to litigation the affairs of many estates that could not, on any reasonable ground, be treated as unsettled. Under the former system that prevailed when these events now in litigation occurred, upon the running out of the period designated for the putting in of the claims of creditors, an executor had a right to regard the claims so presented as the sum of the debts due from the estate; and if, by such showing, the estate was solvent, to pay such claims in

full; but, in doing this, he relied entirely on the rule of limitation. To destroy, therefore, that rule by subsequent legislation, would place such an executor in the incongruous and dangerous position of having been guilty of a *devastavit* in each case in which he had paid a debt according to law. That the legal acts of a man cannot be legislated into illegal acts, would seem to be a proposition plainly undeniable, and I do not find that such proposition has ever been controverted, not even by a *dictum*. The decisions of the courts, so far as my research has extended, are wholly in accord on this subject, and, with one voice, they declare that when a right of action has become barred under existing laws, the right to rely upon the statutory defence is a vested right, that cannot be rescinded or disturbed by subsequent legislation. Judge Cooley, treating of this subject, in his work on Constitutional Limitations, thus states his views: "As to the circumstances under which a man may be said to have a vested right to a defence, it is somewhat difficult to lay down a comprehensive rule. He who has satisfied a demand, cannot have it revived against him; and he who has become released from a demand by the operation of the statute of limitations, is equally protected. In both cases, the right is gone, and to restore it, would be to create a new contract for the parties—a thing quite beyond the power of legislation." *Const. Lim.* 369. And how completely the doctrine thus declared is a legitimate deduction from the authorities, will very plainly appear by a reference to the numerous cases collected by this same author, in his note on page 368.

But even if the general rule of law upon this subject were unsettled, which I have said does not so seem to me, still the question, in its relation to this case, would be free from all uncertainty, for, although the statutory provision on which the defendant relies, has been repealed, nevertheless the rights that had become vested through its efficacy, have not been lost, having been expressly reserved by the repealing law. This reservation is so clear and explicit, that it requires neither

discussion or explanation, as will appear by a reference to the statute itself, which will be found in *Rev.*, *p.* 1120, § 3.

Nor do I think the second point made in the brief of the counsel of the plaintiff has any more solidity. That point is, that the foregoing matter of defence cannot be pleaded in bar, inasmuch as the statute in question provides that if the creditor who has failed to present his account within the prescribed time, shall, before the decree of distribution, find some other estate not inventoried or accounted for, he shall be entitled to receive his ratable proportion of the same. The suggestion is, that the plaintiff must have the right to establish his debt by a suit against the executor, and that, in such suit, the latter must plead *plene administravit*. But this argument can become possessed of a semblance of plausibility only by leaving out of sight the fact that it stands in direct opposition to the very language of the statute itself. How can it be urged that this claim can be enforced by suit against this defendant, when the words of this law are, that the creditor, situated as the plaintiff is, "shall be forever barred of his or her action therefor against such" executor? The prohibition is absolute and without qualification—it does not exonerate the executor partially, but it gives him an entire exemption from all liability to being sued, so that it seems to be out of the question for the court to say that an action will lie against him, even though such action should be restricted to the function of trying the fact of indebtedness, and thus be deprived of much of its aggressive force; it would still be an action, and that the creditor cannot bring. The remedy of the creditor who is in laches, and has not put in his claim, is, I think, to present such claim to the Orphans' Court, and to bring in, at the same time, property not accounted for, and under the direction and order of the court, to have his claim established, and the newly-discovered property distributed.

The defendant must have judgment.