MATTHEW KURUC, PLAINTIFF, v. WILLIAM KURUC AND MARY KURUC, HIS WIFE, DEFENDANTS.

IN THE MATTER OF THE PROBATE OF THE ALLEGED WILL OF MATTHEW KURUC, DECEASED.

ANDREW KURUC, SOPHIE KURUC SOLOTRUK, JOHN SOLOTRUK, HER HUSBAND; ANNA KURUC HUBER AND FRANK HUBER, HER HUSBAND; AND MARY ANN KURUC PUZIO, AND HER HUSBAND JOHN PUZIO, PLAINTIFFS, v. WILLIAM KURUC AND MARY KURUC, HIS WIFE, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided October 2, 1951.

*Mr. Ervan F. Kushner,* attorney for plaintiffs.

*Mr. Frank W. Shershin,* attorney for defendants.

GRIMSHAW, J. S. C. On September 28, 1950, Matthew Kuruc filed a complaint in this court in which he sought to have set aside a conveyance made by him to his son, the defendant William Kuruc. The matter came on for hearing and terminated with a settlement between the parties. It appeared that the plaintiff had conveyed various parcels of real property to several of his children, of which the conveyance to William Kuruc was one. The settlement of the litigation contemplated the return to Matthew Kuruc, by his children, of all the real property which he had conveyed to them. Before the consummation of the settlement Matthew Kuruc died. William Kuruc then offered for probate in the Passaic County Court a will executed by Matthew Kuruc in 1948. The other children of the decedent filed a *caveat* against the probate of the will and the matter is presently pending in the Passaic County Court.

The children of Matthew Kuruc have filed in this court a complaint challenging the validity of the 1948 will and also challenging the validity of a lease in favor of William Kuruc, executed by the decedent, Matthew Kuruc. A complaint seeking probate of a will executed by Matthew Kuruc in 1943 has also been filed.

The question before the court is whether the probate proceeding in the county court shall be consolidated with the cases presently pending in this division. An order for consolidation for trial in this court of the various matters was signed on June 22, 1951, without argument, the court then being under the impression that all parties were in accord in their desire for consolidation. Thereafter, a motion by the defendant for a reargument was heard.

I am of the opinion that the various actions involve common questions of law and fact arising out of the same series of transactions and are properly the subject of consolidation under *Rule* 3:42–1. An order for consolidation may be presented. See, also, *R. S.* 3:2–20.