17 N.J. Super. 143 (1951)
85 A.2d 545
IN THE MATTER OF THE APPLICATION TO CONSOLIDATE THE CAUSE OF: THOMAS H. JUDSON, JR., ET ALS., PLAINTIFFS,
v.
PEOPLES BANK & TRUST COMPANY OF WESTFIELD, A NEW JERSEY CORPORATION, ET ALS., DEFENDANTS. H. RUSSELL MORSS, JR., TRUSTEE IN BANKRUPTCY OF TUTTLE BROS., INC., OF WESTFIELD, BANKRUPT, PLAINTIFF,
v.
JOHN C. EVANS, ET ALS., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided December 19, 1951.
*144 Messrs. Ruback, Albach & Weisman (Mr. Joseph A. Weisman appearing), attorneys for Thomas H. Judson, Jr., et al.
Messrs. Bilder, Bilder & Kaufman (Mr. Walter J. Bilder appearing), attorneys for defendant, Bankers Commercial Corporation.
STEIN, J.S.C.
This is a motion for an order made under Rule 3:42-1 consolidating the above entitled causes. The test under the rule is whether these actions involve common questions of law or fact arising out of the same transaction or series of transactions. The plain purpose of the rule was to eliminate multiplicity of litigation and to enable the courts so to arrange pending causes that the same facts and transactions would not undergo the inconvenience of double litigation.
The Appellate Division of the Superior Court in Ritepoint Co. v. Felt, 6 N.J. Super. 219, 70 A.2d 886 (1950), in speaking of the rule said:
"Our new Judicial Article and Court Rules contemplate that adequate means be afforded to enable generally the determination at one time and place of all matters in controversy between the parties. See Article VI, section 3, paragraph 4, Constitution of 1947; Rules 3:13, 3:18, 3:42-1, 1:7-8A, 7:6. Rule 3:42-1 affords wide opportunity for joining causes in different courts * * *." *145 So long as questions of law and fact are common to both causes, consolidation is proper. Robertson v. Biernacka, 9 N.J. Super. 591, 76 A.2d 47 (Ch. Div. 1950); Kuruc v. Kuruc, 15 N.J. Super. 401, 83 A.2d 550 (Ch. Div. 1951).
Substantially every allegation set forth in Judson, et al., v. Peoples Bank & Trust Company of Westfield, et al., has previously been charged and alleged in Morss, Jr., trustee, etc., v. Evans, et al. It appears to me that the same documents, the same records, the same accountants and the same expert testimony must necessarily be used to substantiate both causes of action. If the causes are not consolidated, the court will find itself in a position where it will hear two lengthy and protracted trials in which the same witnesses, the same facts and the same testimony will be adduced. The fact that the relief sought is different in these cases should have no effect upon the question of whether the motion should be granted or not. On the argument it was said that the Judson case was purely a law action, and that for this reason there should be no consolidation. There is no rule of court or law which prohibits consolidation of a law and chancery action, and nextly the Judson suit is entirely equitable in nature. It alleges a breach of trust relationship between the officers of a corporation and stockholders; and seeks an accounting for the profits illegally obtained by the corporate fiduciary and other co-conspirators.
The matter of consolidation of causes is nothing new. Chancellor Walker in Mutual Securities Corp. v. G.T. Harris Corp., 100 N.J. Eq. 365, 369, 135 A. 337 (Ch. 1926), citing cases held that it is within the power of a court of equity to consolidate actions with or without the consent of the complainants or the defendants. The Chancellor quoted Chancellor Green in Burnham v. Dalling, 16 N.J. Eq. 310 (Ch. 1863), "that the consolidation of causes seems to be a power over the conduct of suitors resting upon the clearest principles and absolutely essential to prevent scandalous abuse and to protect defendants against gross oppression * * *." He concluded saying "The object of consolidating two or more *146 actions is, among other things, the attainment of justice with the least expense and vexation to the parties litigant. * * * The rule applies in regard to suits in equity as well as to actions at law."
Present order of consolidation.