DAVID J. GOLDBERG, STATE COMMISSIONER OF TRANS-PORTATION, NEW JERSEY STATE DEPARTMENT OF TRANSPORTATION AND STATE OF NEW JERSEY, PLAINTIFFS-APPELLANTS, v. LAWRENCE R. TRAVER, TAX COLLECTOR OF THE TOWNSHIP OF LIVINGSTON, TOWNSHIP OF LIVINGSTON, A MUNICIPAL CORPORA-TION OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.

DAVID J. GOLDBERG, COMMISSIONER OF STATE HIGH-WAY DEPARTMENT, NEW JERSEY STATE DEPART-MENT OF TRANSPORTATION AND STATE OF NEW JERSEY, PLAINTIFFS-APPELLANTS, v. ALLEN BER-NARDINI, TAX COLLECTOR OF THE CITY OF VINE-LAND, CITY OF VINELAND, A MUNICIPAL CORPORA-TION OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.

DAVID J. GOLDBERG, COMMISSIONER OF TRANSPORTA-TION, NEW JERSEY STATE DEPARTMENT OF TRANS-PORTATION, AND STATE OF NEW JERSEY, PLAIN-TIFFS-APPELLANTS, v. MILAN H. HARTZ, TAX COL-LECTOR OF THE TOWNSHIP OF MILLBURN, AND TOWNSHIP OF MILLBURN, A MUNICIPAL CORPORA-TION OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.

Argued May 21, 1968—Decided July 10, 1968.

*Mr. David A. Biederman,* Deputy Attorney General, argued the cause for appellants (*Mr. Arthur J. Sills,* Attorney General of New Jersey, attorney).

*Mr. Louis Bort* argued the cause for respondents Traver and Township of Livingston.

*Mr. Bennett I. Bardfeld* argued the cause for respondents Bernardini and City of Vineland.

*Mr. Harold M. Kain* argued the cause for respondents Hartz and Township of Millburn.

The opinion of the court was delivered
PER CURIAM. In each of these matters, the defendant municipality attempted to sell real property owned by the State for nonpayment of taxes for the balance of the calendar

year in which the State acquired title. In each case the year involved is 1966 and the State's acquisition occurred before June 9 of that year, on which day we decided that the property acquired by the State remains liable for local taxes for the whole of the calendar year during which the acquisition occurred. *City of East Orange v. Palmer*, 47 *N. J.* 307 (1966). Prior thereto, the State conceived that the taxes abated *pro rata* as of the date it acquired title. Hence in each case here involved, the taxes were paid to the date of the State's acquisition but not for the balance of 1966.

The State brought these actions to restrain the tax sales. The sales were restrained, but it was adjudged that the lands remained liable for the balance of the 1966 taxes, and the State appealed from that part of the judgments. We certified the matters before argument in the Appellate Division.

In *City of East Orange v. Palmer* we concluded that the legislative scheme contemplated a municipality should receive the full amount of the taxes notwithstanding a transfer to an exempt holder during the calendar year for which the taxes were levied. We found that view furthered the legislative aim of maximum stability with respect to anticipated revenues. It nonetheless is perfectly clear that the State consistently acted on the premise that taxes abated *pro rata* upon the State's acquisition of property and that the cases, cited in *City of East Orange v. Palmer,* which had held otherwise with respect to acquisitions by municipal corporations did not apply to the State itself. So far as is known, no municipality challenged the State other than the City of East Orange, which did so successfully in *City of East Orange v. Palmer.*

The question is whether our holding in *City of East Orange v. Palmer* should be given retrospective application, and if so, for what period. The very concern for fiscal stability in public matters upon which that decision rested militates against retrospective application which could unsettle accounts long thought to be closed and lead to liabilities on the part of the State for which no timely appropriations had been sought

or made. One can readily understand the commotion in this area if all prior acquisitions by the State and its agencies were revisited, and claims asserted for unpaid balances of taxes for all years not barred by such statute of limitations as may apply.

▆▆ For this reason the trial court correctly held the holding in *City of East Orange v. Palmer* should be found to be outside the usual rule that judicial decisions apply retrospectively. *Goldberg v. Traver,* 99 *N. J. Super.* 103 (*Ch. Div.* 1968). The question then is where the line ought to be drawn. A new holding could be made wholly prospective and hence inapplicable even in the very litigation in which the holding originated. We in fact so determined in a situation in which we thought justice was fully served by that course. *State v. Smith,* 32 *N. J.* 501, 557–558 (1960), *certiorari* denied, 364 *U. S.* 936, 81 *S. Ct.* 383, 5 *L. Ed. 2d* 367 (1961). That approach could not be universal, for unless the immediate litigant can hope to gain, there would be no incentive to challenge existing practices or prior holdings which, in the public interest, ought to be reviewed. Hence here, East Orange should receive the benefit of its victory with respect to the properties which were actually involved in *City of East Orange v. Palmer* and those properties as to which the parties may have stipulated the result in that case would be controlling. The trial court thought that the decision should apply retroactively to all State acquisitions during 1966, to give equal treatment to all municipalities for that year, but we think the gain in that direction would be outweighed by the fiscal disturbance to the State and its agencies whose transactions with the owners of properties were made and executed upon what had been an unchallenged view of the law. We conclude, therefore, that justice will be better served by holding that *City of East Orange v. Palmer* applies only to acquisitions made by the State and its agencies after June 9, 1966, the date of our decision in that case, except for the advantage to East Orange specified above.

348

The judgments are reversed, and the matters remanded to the trial courts for entry of judgment in favor of the plaintiffs, without costs here or there.

*For reversal*—Chief Justice WEINTRAUB and Justices FRANCIS, PROCTOR, HALL and SCHETTINO—5.

*For affirmance*—None.