112 N.J. Super. 396 (1970)
271 A.2d 458
GERALD DARROW AND HERMA DARROW, PLAINTIFFS,
v.
HANOVER TOWNSHIP, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND THE COUNTY OF MORRIS, DEFENDANTS.
Superior Court of New Jersey, Morris County Court, Law Division.
Decided November 25, 1970.
Mr. Stephen S. Weinstein, attorney for plaintiffs.
Messrs. Morgan, Melhuish, Monaghan, McCoid & Spielvogel, attorneys for defendant Hanover Township (Mr. Richard E. Arvidson, of counsel and on the brief).
*397 Messrs. O'Donnell, Conway & Leary, attorneys for defendant County of Morris (Mr. W. Stephen Leary, of counsel).
Messrs. Porzio, Bromberg & Newman, attorneys for plaintiffs on the counterclaim (Mr. Myron J. Bromberg, of counsel).
WAUGH, A.J.S.C.
On April 13, 1967 plaintiffs Gerald Darrow, the driver, and his wife Herma Darrow, a passenger, were injured when his vehicle struck a tree adjoining Ridgedale Avenue, Hanover Township, Morris County. An action against Hanover Township and the County of Morris was filed on April 14, 1969. The township answer alleges that both plaintiffs were contributorily negligent. After pretrial an order was entered dismissing the action against the County of Morris.
On September 9, 1970 defendant township sought and was granted leave to file a counterclaim for contributory negligence against Gerald Darrow under the Joint Tortfeasors' Contribution Law, N.J.S.A. 2A:53A-1 et seq. Plaintiff Darrow, answering the counterclaim, raised the defenses of interspousal immunity and the statute of limitations.
Thereafter, Darrow filed a notice of motion for an order dismissing this counterclaim and granting summary judgment thereon, on the ground that the claim of the counterclaim is barred by the defense of interspousal immunity. The motion came on for hearing on October 23, 1970.
Although the statute of limitations was raised as a defense in the answer to the counterclaim, counsel did not urge this issue before me. He contends that interspousal immunity is the primary issue. I agree.
Our Supreme Court on July 10, 1970 decided the case of Immer v. Risko, 56 N.J. 482 (1970), in which the court abandoned the doctrine of interspousal immunity, holding that it, "as it applies to automobile negligence cases, has *398 no place in our modern society." In that case it was not necessary for the court to determine whether the decision should be applied retrospectively or prospectively. By reason of plaintiff's motion the question is now before me. If Immer is to be applied retrospectively, the counterclaim should be allowed; if prospectively, denied. Accordingly, it is necessary to go beyond Immer to resolve the issue before me.
The Supreme Court announced its opinion on July 10, 1970, in France v. A.P.A. Transport Corp., 56 N.J. 500 (1970). In that case an automobile operated by plaintiff, in which his wife and two children were passengers, and a truck owned by defendant were involved in a collision on October 16, 1967. Plaintiff's wife was killed in the accident. Plaintiff brought two actions: one for himself and his two children, the second under the Executors and Administrators Act, and the Wrongful Death Act. Defendants counterclaimed for contribution against plaintiff, individually, for all sums found due to the estate of his wife under the survival and death actions. The court allowed the counterclaim to stand and by way of explanation said:
The present suit involves the validity of both interspousal and parent-child tort immunity. Because of our decision in Immer v. Risko, 56 N.J. 482 (1970), decided today, it is unnecessary to discuss interspousal immunity further. If there were no minor children involved in this case, defendants would be entitled, under Immer, to assert their counterclaim for contribution against the plaintiff under the Joint Tortfeasors Contribution Law. [at 502]
This language infers that the court applied Immer retrospectively in France.
Plaintiff's counsel argues persuasively that certain economic and social considerations, as well as administrative calendar problems, court delay and insurance carrier problems, flow from a decision whether to apply prospectively or retrospectively. As he points out, until January 1, 1968 the standard family automobile policy in New Jersey contained an exclusion substantially as follows:
*399 This insurance does not apply under:

* * * * * * * *
(g) coverage A, to bodily injury to the insured or any member of the family of the insured residing in the same household as the insured.
He also notes that premium rates for each year were based upon the existing law. Obviously, retrospective application of the doctrine will result in many closed insurance carrier files being reopened. These are all problems the court should consider, and counsel relies in part upon the following language in Goldberg v. Traver, 99 N.J. Super. 103 (Ch. 1968), reversed 52 N.J. 344 (1968)
In deciding whether to give a new rule retroactive effect, a court to which the issue has been properly presented should first identify the purpose of the new rule, next determine on balance those purposes served by general retroactive application of the new rule, and finally decide whether these purposes will be promoted by retroactive application of the new rule in the particular case before it. [at pp. 109, 110]
That case, however, involved a problem of liability for municipal taxes as between the Commissioner of Transportation and others. It is to be noted further that no special problems of notice of accident, investigation, or the like appear in the case before me. Moreover, there has been "no justified reliance on the overruled decision."
Justice Jacobs of our Supreme Court is the author of many majority and minority opinions in this field of immunity. He points out that "reliance has very little place [if any] in the field of torts." Dalton v. St. Luke's Catholic Church, 27 N.J. 22, 27 (1958). In that case the court held that the overturning of charitable immunity in New Jersey should be done retrospectively. At 25, 26 Justice Jacobs discussed Arrow Builders Supply Corp. v. Hudson Terrace Apts., 16 N.J. 47 (1954), a non-tort case, in which it was pointed out that "our courts have consistently adhered to the prevailing doctrine that the overturning of a judicial decision is retrospect in nature. * * *"
*400 A similar lack of justifiable reliance can be found in the area of interspousal immunity. As Justice Proctor said in Immer, supra, 56 N.J. at 485: "Since 1958 this court has been closely divided on the issue." In 1958 the Supreme Court decided Koplik v. C.P. Trucking Corp., 27 N.J. 1 (1958). There the doctrine of interspousal immunity was upheld by a 4-3 majority in the face of a strong dissent by Justice Jacobs. Again, in his dissent in Franco v. Davis, 51 N.J. 237, 242 (1968), Justice Jacobs indicated to the bar that the doctrine was being "whittled down."
Since Koplik the court has decided Long v. Landy, 35 N.J. 44 (1961), in which a unanimous court allowed a surviving spouse to sue the estate of her deceased husband for injuries she received as a result of his negligent operation of an automobile. And in 1967 the Law Division, in Sanchez v. Olivarez, 94 N.J. Super. 61, relied on Long to hold that interspousal immunity no longer existed in a negligence action after divorce. See also, Justice Proctor's extensive discussion in Immer.
One other indication of the correct application of Immer can be found in Willis v. Dept. of Conservation & Economic Development, 55 N.J. 534 (1970). There the Supreme Court, in a case decided shortly before Immer, specifically handled the question of retrospective application of their decision removing immunity from the sovereign for tort liability. They held (at 544) that their decision was to have prospective application since "there are strong reasons why we should not accept other claims already in being." The court then stated that they would not accept any tort claims arising before January 1, 1971.
In light of this specific exception by the Supreme Court to its general policy that its overruling decisions are to be applied retrospectively, it becomes clear that Immer must be applied retrospectively.
Finally, if justice to litigants is the polestar for application of the doctrine of retroactivity, it would seem manifestly unjust to make recovery depend upon whether the *401 accident occurred before or after July 10, 1970, the date of Immer.
The motion for summary judgment is denied.