113 N.J. Super. 445 (1971)
274 A.2d 75
JOAN HOLMES, PLAINTIFF,
v.
EVERETT L. RUSS, SR., AND ROBERT L. HOLMES, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided February 16, 1971.
*446 Mr. Arnold N. Fishman appeared for plaintiff. (Messrs. Weinberg and Fishman, attorneys.)
Mr. Arthur Montano appeared for defendant, Holmes. (Messrs. Kisselman, Devine, Deighan & Montano, attorneys.)
Mr. J. Robert McGroarty appeared for defendant, Russ. (Messrs. Orlando and Orlando, attorneys).
HEINE, J.S.C.
This case involves the availability of the statute of limitations as a defense to an interspousal suit for personal injuries.
*447 Plaintiff, Joan Holmes, was a passenger in an automobile driven by her husband, Robert L. Holmes, which collided with an automobile operated by Everett L. Russ, Sr., on December 22, 1967. As a result of this collision, plaintiff sustained personal injuries and on January 24, 1968, instituted suit against Russ. An action for property damage was commenced on behalf of Robert L. Holmes by his collision insurance carrier against Russ on August 19, 1968, in the Camden County District Court. These actions were consolidated on January 17, 1969 for trial. Thereafter, on the basis of the decision in Immer v. Risko, 56 N.J. 482 (1970), plaintiff sought leave and was granted permission to file an amended complaint including her husband as a defendant. The amended complaint was filed on September 23, 1970. The answer filed on behalf of the husband denied negligence and raised the statute of limitations as a separate defense. At the trial on the issue of liability only the jury returned a verdict against both defendants. The husband then filed a motion to dismiss the complaint on the ground that the plaintiff's action against him was barred by the statute of limitations.
Prior to Immer v. Risko, supra, which abolished the interspousal immunity doctrine as it applied to automobile negligence actions, a wife could not sue her husband in tort for his wrongful acts toward her and a joint tortfeasor was precluded from seeking contribution from the erring spouse. Kennedy v. Camp, 14 N.J. 390 (1954). The recent opinion by Judge Waugh in Darrow v. Hanover Township and the County of Morris, 112 N.J. Super. 396 (Law Div. 1970), holding that Immer v. Risko, supra, should be applied retrospectively, eradicates the interspousal incapacity to sue only as it applies to actions accrued after July 10, 1968. A tortfeasor acting prior to July 10, 1968 would still possess the defense of the two-year statute of limitations.
N.J.S. 2A:14-2 provides:
Every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this state *448 shall be commenced within 2 years next after the cause of any such action shall have accrued.
A statute of limitation is one of repose. Miller v. Board of Chosen Freeholders, Hudson County, 10 N.J. 398, 403 (1952). It has always been held that when a right of action has become barred under existing laws, the right to rely upon the statutory defense is a vested right. Thorpe v. Corwin, 20 N.J.L. 311, 316 (Sup. Ct. 1844); Ryder v. Wilson's Ex'rs, 41 N.J.L. 9 (Sup. Ct. 1879); Moore v. State, 43 N.J.L. 203 (E. & A. 1881); State by Parsons v. Standard Oil Co., 5 N.J. 281 (1950), affirmed 341 U.S. 428, 71 S.Ct. 822, 95 L.Ed. 1078 (1951); Miller v. Board of Chosen Freeholders, Hudson County, supra; Burns v. Bethlehem Steel Co., 20 N.J. 37 (1955); Rex. v. Hunter, 26 N.J. 489 (1958).
Once the right to rely upon the statutory defense becomes vested it cannot be rescinded or disturbed by subsequent legislation. Ryder v. Wilson's Ex'rs, supra, 41 N.J.L. at p. 11; Moore v. State, supra, 43 N.J.L. at p. 206-208; State v. Standard Oil Co., supra, 5 N.J. at p. 293-294; Burns v. Bethlehem Steel Co., supra, 20 N.J. at p. 42. If the vested right may not be rescinded, abrogated or impaired by subsequent legislation it may not be done by judicial decision. Markey v. Robert Hall Clothes of Paterson, 27 N.J. Super. 417, 421 (Cty. Ct. 1953).
Plaintiff argues that Immer v. Risko, supra, created a cause of action and therefore the statute of limitations commenced to run from July 10, 1970, the date of that decision. This argument is specious. Immer v. Risko, supra, made no attempt to deal with, let alone destroy, the defense of the statute of limitations. It did not revive any stale causes of action. It merely struck down a previously admitted defense of interspousal immunity. The cause of action was always there from its date of accrual, which of course, was December 22, 1967, the date of the collision.
Plaintiff does not argue that her husband was made a defendant to her action before the expiration of the two-year *449 period of limitations. Rather, she asserts that as a result of the consolidation of the cases, which was allowed on January 17, 1969, her husband became a "party" to her action and was thereby placed on notice of any and all possible claims she might have against him.
In answer and in support of his motion, defendant Holmes argues that the County district court suit was a subrogation action brought by his collision insurance carrier; that he was merely a nominal party to that action and at no time controlled the litigation therein; that the first true notice of the personal injury claim against him was that of September 23, 1970; and that the fact that he was a nominal party to the consolidated action should not bar his right to dismissal in the prime action, citing Reardon v. Allen, 88 N.J. Super. 560 (Law Div. 1965), and the cases therein cited.
The court agrees. If the property damage subrogation action cannot be used to defeat a plaintiff's more serious claim for personal injuries, then the mere institution of such suit should not be used to defeat the subrogee's right to assert a vested defense to a serious claim for personal injuries.
The question remaining is whether the order for consolidation of January 17, 1969, wherein the cases of plaintiff and her husband against Russ were joined for trial, afforded defendant Holmes sufficient notice of plaintiff's claim against him so as to avoid the statutory bar.
A review of the history, operation and instruction of R. 4:38 "(Consolidation: Separate trials)" reveals that the object of the rule is to foster the grand design to litigate entire controversies as a unit. Ajamian v. Schlanger, 14 N.J. 483, 485 (1954); N.J. Highway Authority v. Renner, 18 N.J. 485, 492 (1955); Korff v. G and G Corp., 21 N.J. 558, 567 (1956); Ritepoint Co. v. Felt, 6 N.J. Super. 219, 222 (App. Div. 1950); Hnath v. Hnath, 47 N.J. Super. 461, 469 (App. Div. 1957). The gains of this procedure are the avoidance of multiplicity of litigation, duplication of judicial labor, inconsistent judgments, delay and expense. Garrou v. Teaneck Tryon Co., 11 N.J. 294, 304 (1953); Robertson v. Biernacka, *450 9 N.J. Super. 591, 595 (Ch. Div. 1950); Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. Super. 143, 145 (Ch. Div. 1951); 2 Schnitzer and Wildstein, N.J. Rules Serv. AIV 1495 to 1499. Nowhere is it asserted that consolidation was meant to be a substitute for formal notice of a claim against a party. The opinions in Lawlor v. Cloverleaf Memorial Park, Inc., 56 N.J. 326 (1970); Greco v. Valley Fair Enterprises, 105 N.J. Super. 582 (App. Div. 1969); Ioannou v. Ivy Hill Pk. Section Four, Inc. v. Otis Elevator Company, 112 N.J. Super. 28 (Law Div. 1970), and DeSisto v. Linden, 80 N.J. Super. 398 (Law Div. 1963), lead to the conclusion that the consolidated action by no means apprised Robert Holmes, who was merely the nominal party to the property damage claim, that he was to be made a defendant in his wife's action for personal injuries, where the only assertion of his liability was defendant's answering allegation that Holmes was contributorily negligent and where at the time of consolidation the doctrine of interspousal immunity was accorded full force and effect.
In Lawlor, Greco and DeSisto, supra, the third-party defendants, whom the plaintiffs were seeking to make direct defendants, had been served with the third-party complaint and were at least third-party defendants within the two-year statutory period. They had actual, formal notice within that period of the nature and existence of the litigation and that they were parties defendant thereto. A timely original pleading, i.e., the third-party complaint, had been filed to which the amended complaint, though filed beyond the statutory period, could relate back. No third-party complaint ever issued against Robert Holmes in the case before this court. And while it is not meant to be asserted that Holmes was unaware of the nature and existence of his wife's suit against Russ, the fact that his only formal notice of the action being brought against him was that filed on September 23, 1970, long after the statutory period had run, cannot be avoided.
*451 The requirement of "formal" notice was recognized in Lawlor, supra:
When the third-party complaint was filed, the Hospital and the Doctor were made formally aware that they were being charged with negligence in the care of Mrs. Lawlor and that they were being sought to be held liable for the damages suffered by Mrs. Lawlor as the result of their negligence. From that point on they could not lie in repose but were called upon to prepare and defend. [56 N.J. at p. 343]
The notice requirement was of prime concern to the court in Ioannou v. Ivy Hill Pk. Section Four, Inc., supra, and it went to great lengths to find that the requirement of notice was satisfied holding (at 112 N.J. Super. p. 33) that "neither actual service nor such [actual] filing within the statutory period are necessary and * * * the making of the motion to serve the third-party complaint within the two year period renders the Lawlor doctrine applicable and avoids the bar of the statute of limitations, even though the third-party defendants may have actually been unaware of the plaintiffs' action during the statutory period." But, the court, (112 N.J. Super. at p. 36) was mindful of the fact that "(t)he important thing was that the third-party action had been commenced, as far as the third-party defendant was concerned, prior to the expiration of the statutory period, in accordance with our rules, and that there was an original pleading, i.e., the third-party complaint, which antedated the running of the statute, to which there was relation back." In the case at hand the motion for an order permitting plaintiff to file and serve an amended complaint including her husband as a defendant was filed on July 14, 1970, again far beyond the statutory period.
The motion to dismiss the complaint as to the defendant Holmes is granted.