823 A.2d 868 (2003)
360 N.J. Super. 511
Cecilia RAVELO, Yarisa DeLeon, and Frendy DeLeon, an infant by her Guardian Ad Litem, Daysy DelaCruz and Daysy DelaCruz, Individually, Plaintiffs-Respondents,
v.
Ian CAMPBELL, Defendant-Appellant, and
Gisely Ravelo, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted April 29, 2003.
Decided June 2, 2003.
*869 Michael J. Monaghan, Hackensack, for appellant.
Frank A. Tobias, Woodbridge, for respondents.
Before Judges SKILLMAN, CUFF and LEFELT.
The opinion of the court was delivered by LEFELT, J.A.D.
Defendant Ian Campbell appeals from a motion judge's order enforcing a judgment entered pursuant to an arbitration award. Campbell seeks to vacate this order because the arbitration award was entered against him despite the fact that he had not answered the plaintiffs' complaint and was not formally present before the arbitrator. We reverse the motion judge's order and remand for further proceedings.
Automobiles driven by Grisley (also referred to by the parties as Gisely, Gisley, and Grisly) Ravelo and Campbell collided. Ravelo had three passengers at the time of the collision, Cecilia Ravelo, Yarisa De-Leon and Frendy DeLeon (the passengers). As a result of this collision, Ravelo sued Campbell and in a separate suit, Ravelo's passengers sued Ravelo and Campbell. Ravelo served Campbell and Campbell notified his insurance company, Country-Wide, of the law suit. Country-Wide engaged counsel to represent Campbell in this law suit and counsel filed an answer on Campbell's behalf.
The passengers claimed to have served Campbell through the Division of Motor Vehicles, N.J.S.A. 39:7-1 to -8, but according to Country-Wide, it never received a copy of this complaint from its insured Campbell. Thirteen days before Campbell's counsel filed an answer in the Ravelo matter, the passengers consolidated their complaint with the Ravelo suit. Thus, because the passengers were unaware of Campbell's counsel in the Ravelo matter when they moved for consolidation, they never served his counsel with a copy of the consolidation order. In fact, Campbell's counsel did not receive a copy of the order until after an arbitration was conducted in the consolidated matters.
Before the arbitration began, however, discovery was exchanged between Ravelo's and Campbell's counsels. Because *870 Campbell's counsel in the Ravelo matter was unaware of the passengers' law suit and no answer had been filed on behalf of Campbell, the parties did not exchange any discovery in that suit. After eleven months transpired, the court notified Campbell's counsel of the arbitration. We have not been provided with copies of this arbitration notice, however, during oral argument, Campbell's counsel asserted that the notice he received only indicated that arbitration was to be conducted in the Ravelo suit.
Counsel for Campbell had a conflict on the day of the arbitration and consequently he obtained a per diem attorney to represent Campbell's interests at the arbitration. This attorney failed to advise the arbitrator of the limited nature of his representation and failed to protest when the arbitration included the passengers as well as Ravelo.
The arbitrator found Campbell 100% liable for the accident and awarded damages in both matters, awarding Ravelo $12,500 and each of the passengers $12,500. The attorney representing Campbell at the arbitration signed the award. The Ravelo lawsuit was settled after the arbitration and is not involved in this appeal. Only the passengers' suit remains at issue.
Campbell's counsel did not request a de novo hearing. Both the passengers and Ravelo, as a defendant in the passengers' law suit, therefore, moved to confirm the arbitration award. The motion judge granted the passengers' motion but denied Ravelo's motion as "untimely filed."
Thereafter, Country-Wide indicated that it would not pay the passengers' judgment because it had never answered that complaint. Counsel for the passengers filed a motion to enforce judgment or alternatively to reinstate the dispute. The motion judge did not vacate the award and restore the passengers' suit to the trial list but instead enforced the award and directed Country-Wide, as Campbell's insurer, to pay the passengers' awards. Campbell appealed from this order.
In ruling against Campbell, the motion judge relied on R. 4:21A-6(b)(1), which sets forth the steps an unsatisfied party must take in order to avoid an arbitrator's award and decision from becoming final and resolving the dispute. Under this rule, an order will be entered dismissing the action following the filing of the arbitrator's award, unless "within 30 days... a party thereto files with the civil division manager and serves on all other parties a notice of rejection of the award and demand for a trial de novo." Ibid.
The motion judge explained that "[t]he mistake or inadvertence of counsel appearing as to the scope of the arbitration, or the import of the award of the arbitration is not of the extraordinary character for which the Courts have allowed an exception to the filing of a trial de novo within 30 days after service of the same." Accordingly, the court found no basis to relax the 30 days allotted to request a trial de novo.
In his ruling, the motion judge, therefore, relied on the well established principle that "[t]o relax the thirty-day rule, courts must determine that `extraordinary circumstances' exist and that those circumstances did not arise from an attorney's `mere carelessness' or `lack of proper diligence.'" Hartsfield v. Fantini, 149 N.J. 611, 618, 695 A.2d 259 (1997) (quoting In re T., 95 N.J.Super. 228, 235, 230 A.2d 526 (App.Div.1967)). The judge was undoubtedly also swayed by the equally well established caveat that "[t]he excuse that an attorney is too busy or has too heavy a workload to properly handle litigation or to supervise staff is insufficient to constitute extraordinary circumstances." Behm v. Ferreira, *871 286 N.J.Super. 566, 574, 670 A.2d 40 (App.Div.1996). To justify relaxing R. 4:21A-6(b)(1), the circumstances must be "exceptional and compelling." Baumann v. Marinaro, 95 N.J. 380, 393, 471 A.2d 395 (1984).
While we do not quarrel with these principles, they do not apply in this instance. R. 4:21A-6(b)(1) specifically provides that a "party" to the arbitration must file the notice of rejection. In this case, Campbell was not a party to the arbitration involving the passengers because he had not answered their complaint.
The arbitration rules, R. 4:21A-1 to -9, do not contemplate arbitrating matters where issue has not been joined. For example, unless the parties consent, the arbitration "shall not be scheduled for a date prior to the end of the applicable discovery period." R. 4:21A-1(d). Here, the discovery period had not ended in the passengers' law suit because it never began.
As another example, under the arbitration rules an answering party defending against a damage claim who does not appear at the arbitration will have his or her pleading stricken. R. 4:21A-4(f). The arbitration then proceeds "and the non-appearing party shall be deemed to have waived the right to demand a trial de novo." Ibid. Campbell never answered the passengers' complaint and therefore had no pleading to strike for failing to appear at the arbitration.
We also believe that the passengers' right to arbitrate against Campbell was not advanced by consolidating Ravelo's matter with the passengers' unanswered complaint. It is true that once consolidated, under R. 4:38, actions can be tried or arbitrated together as a single action embodying all of the claims and asserted defenses. See Ettin v. Ava Truck Leasing, Inc., 53 N.J. 463, 477, 251 A.2d 278 (1969); Holmes v. Russ, 113 N.J.Super. 445, 449, 274 A.2d 75 (Law Div.1971). But consolidation does not substitute for "formal notice of a claim against a party." Holmes, supra, 113 N.J.Super. at 450, 274 A.2d 75. Consolidation of a complaint without an answer with an action containing an answer does not automatically render the filed answer responsive to the unanswered complaint. Consolidation does not relax the pleading requirement of answering each asserted claim in a complaint. See R. 4:5-3. Although the Ravelo dispute was arbitration-ready, the passengers' unanswered complaint did not become arbitrable solely because of the consolidation order.
Campbell was in default in the passengers' law suit, but no default had as yet been entered against him at the time of the arbitration. R. 4:43-1 requires that when affirmative relief is sought against a party who fails to plead or otherwise defend, "the clerk shall enter a default on the docket as to such party." The normal procedure requires the party seeking affirmative relief to request the clerk to enter the default "within 6 months of the actual default." Ibid. Thereafter, a motion, "served ... on the party in default," is required to enter the default. Ibid. In this case, no default had been entered against Campbell at the time of the arbitration, which was approximately twelve months after the actual default. Thus, had a motion been made to enter default, as required under the pertinent rule, the procedural problem would have been revealed, and the current dispute potentially avoided.
The arbitration damage award in favor of the passengers, where the issue had not yet been joined and no discovery period commenced, was entered because of the mistake of the per diem attorney and *872 because the arbitrator mistakenly believed that Campbell was present, through his attorney, as a defendant in both suits. If R. 4:50-1 were applicable, there would be several bases upon which the motion judge's order might be vacated. The reason this rule is not applied in arbitration matters is that "most parties seeking relief for failure to file a timely petition for trial de novo have had an opportunity to argue the merits of their case before an arbitrator. Such claimants have not been denied a day in court." Hartsfield, supra, 149 N.J. at 618, 695 A.2d 259. Rule 4:50 is frequently applied to parties who "have not had an opportunity to argue the merits of their case in court, i.e., default judgments have been entered against them." Ibid. Here, Campbell never had an opportunity at the arbitration to defend against the passengers' damage claims because discovery never began and he was technically not represented or present as a defendant in the passengers' law suit.
The record does not disclose why Campbell failed to forward the passengers' complaint to his insurance company as he did with Ravelo's suit and why Campbell's arbitration per diem attorney assumed he represented Campbell in both actions and mistakenly signed the arbitration award in the passengers' case. We do not know whether the passengers failed to serve Campbell[1] or whether Campbell received the passengers' complaint and failed to forward the documents to his insurer through inadvertence or carelessness.
Setting potential service problems aside, we do not condone Campbell's counsel's failure to advise the arbitrator of his limited appearance and the apparent mistaken acquiescence in the award. Proper diligence by Campbell's attorney would have avoided the ensuing problems.
But neither can we ignore that the end result was the entry of a judgment against Campbell in favor of three plaintiffs, who were virtual strangers to him. Campbell's insurer had not assigned counsel in the passengers' suit and Campbell himself had not engaged any counsel for that litigation, consequently no appearance had been entered and no answer filed. Campbell had no idea about the seriousness of the passengers' injuries and counsel for Campbell had no way of defending against the passengers' claims because no discovery had ensued. While Campbell sent Ravelo to an independent medical examination, the injuries suffered by the passengers were totally unexplored at the time of the arbitration. To allow the damage award to stand under these circumstances is unjust. In addition, Campbell's insurer was not a party to the litigation or the arbitration and under the circumstances there was no basis for the motion judge to direct that the insurer pay the award. See Morris County Fair Hous. Council v. Boonton Tp., 197 N.J.Super. 359, 364, 484 A.2d 1302 (Law Div.1984), aff'd, 209 N.J.Super. 108, 506 A.2d 1284 (App.Div.1986).
Consequently, it is necessary to reverse that portion of the order which awarded damages to the passengers and directed that payment be made by the insurer and remand to the trial court. Upon the remand, Campbell shall answer the passengers' *873 complaint, and discovery may be conducted. Once the discovery period concludes, an arbitration shall be rescheduled.
The matter should proceed from there, with the proviso that Campbell shall remain 100% liable for this accident. We believe that Campbell's interests in defending against Ravelo's claim at the arbitration were identical to any interests he may have in defending, on the remand, the passengers' suit which arose from the same accident. Therefore, he is collaterally estopped from contesting liability. See Konieczny v. Micciche, 305 N.J.Super. 375, 384-85, 702 A.2d 831 (App.Div.1997). If any trial is necessary, it shall, therefore, be limited to damages.
Reversed and remanded.
NOTES
[1] The only proof of service provided in the appendix was a copy of the Division of Motor Vehicle letter to Campbell, which indicated that it was enclosing copies of the passengers' summons and complaint. We note N.J.S.A. 39:7-3 required that this letter be sent by certified mail and would seem to require that a return receipt be obtained. In addition, N.J.S.A. 39:7-6 contemplates the Director maintaining a record of process served in this manner. The appendix contains neither the return receipt nor the Director's record and does not include any findings by the motion judge regarding the legitimacy of the service.