209 N.J. Super. 108 (1986)
506 A.2d 1284
MORRIS COUNTY FAIR HOUSING COUNCIL, ET AL., PLAINTIFFS-RESPONDENTS,
v.
BOONTON TOWNSHIP, ET AL., DEFENDANTS-RESPONDENTS.
CHARLES DEVELOPMENT CORP., PLAINTIFF-RESPONDENT,
v.
TOWNSHIP OF MORRIS, ET AL., DEFENDANTS-RESPONDENTS. SIDNEY AND CONNIE HUBSCHMAN, OBJECTORS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued March 11, 1986.
Decided March 21, 1986.
Before Judges PRESSLER, DREIER and GRUCCIO.
Beth Toni Kruvant argued the cause for appellants (Gelber & Kruvant, attorneys; Martin Gelber and Beth Toni Kruvant, of counsel and on the brief).
Stephen Eisdorfer, Assistant Deputy Public Advocate, argued the cause for respondents Morris County Fair Housing Council, et al. (Alfred A. Slocum, Public Advocate, attorney; Stephen Eisdorfer, on the brief).
Guliet D. Hirsch argued the cause for respondent Charles Development Corp. (Brener, Wallack & Hill, attorneys; Guliet D. Hirsch, on the brief).
*109 John M. Mills argued the cause for respondents Township of Morris, et al. (Mills, Hock, Dangler & Mills, attorneys; John M. Mills, on the brief).
James R. Hillas, Jr. argued the cause for respondent Morris Township Planning Board.
PER CURIAM.
This controversy arises out of Mount Laurel II litigation which was concluded by the entry of judgments, certified as final, on August 20, 1984. The judgments approved the settlement agreements, as modified by court order, which had been entered into by defendant Morris Township with plaintiffs Morris County Fair Housing Council and Charles Development Corp. The appellants are Sidney and Connie Hubschman, would-be developers, who were effectively deprived of their sought-for builder's remedy by virtue of the approved settlement.
We affirm the judgments appealed from substantially for the reasons set forth by Judge Skillman in his opinion reported at 197 N.J. Super. 359 (Law Div. 1984) and in his oral opinion of July 6, 1984.
We are satisfied that The Fair Housing Act, L. 1985, c. 222, as interpreted and construed by The Hills Development Co. v. Township of Bernards, 103 N.J. 1 (1986) (Mount Laurel III), does not affect either jurisdiction to decide this appeal or the substantive law to be applied. Not only was the settlement here approved almost a year before the Act was enacted but also no party has taken any action challenging the binding effect of the approved settlement.[1]
Affirmed.
NOTES
[1] Pending appeal we afforded all parties the opportunity to file supplemental letter briefs respecting the effect of The Hills Development Co. on this appeal. We concur in their consensus that under the circumstances here the opinion in no way precludes our consideration of this matter on its merits.