579 A.2d 852

SERENITY AT ARLINGTON RIDGE, INC., PLAINTIFF, v. TOWN
OF KEARNY, DEFENDANT.

Superior Court of New Jersey
Law Division Hudson County

Decided March 15, 1990.

*Michael Edelson,* and *Charles Naselsky, Scarpone & Edelson,* Attorneys for plaintiff Serenity.

*Kenneth Davie, Cifelli & Davie,* Assistant Town Attorney for defendant Kearny.

*Paul McCurrie,* Attorney for defendant Kearny Board of Adjustment.

*Joseph Buttafuoco, Buttafuoco Karpf & Arce,* Attorney for defendant Kearny Planning Board.

*David N. Kinsey,* Special Master, *Kinsey & Hand.*

HUMPHREYS, A.J.S.C.

The parties in this Mount Laurel case have reached a settlement. The terms of the settlement must be reviewed and approved by the court on notice to interested parties. Resolved in this opinion are questions relating to whom and how notice is to be given.

The Town of Kearny and plaintiff vigorously contend that newspaper publication plus notice to the Public Advocate is sufficient and they should not be required to do more.

The court has considered their arguments as set forth in correspondence and also at a hearing on February 23, 1990. The court has also considered the recommendations of the Special Master set forth in his letter of March 13, 1990.

The court concludes that the important public and private interests involved in the settlement of a Mount Laurel case warrants the giving of widespread notice.

A Mt. Laurel case may be "appropriately viewed ... as a representative action which is binding upon non-parties." *Morris County Fair Housing Council v. Boonton Township,* 197 *N.J.Super.* 359, 365, 484 *A.*2d 1302 (Law Div.1984), *aff'd.* 209 *N.J.Super.* 108, 506 *A.*2d 1284 (App.Div.1986). Before a nonparty can be bound in a representative action, due process of law requires that fair notice must be given.

The U.S. Supreme Court has held that: "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated under the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to

present their objections ...". *Mullane v. Central Hanover Bank & Trust Co.,* 339 *U.S.* 306, 314, 70 *S.Ct.* 652, 657, 94 *L.Ed.* 865 (1950). *See also R.*4:32–2(b); *Eisen v. Carlisle,* 417 *U.S.* 156, 94 *S.Ct.* 2140, 40 *L.Ed.*2d 732 (1974); and *Parks v. Colonial Penn Ins. Co.,* 98 *N.J.* 42, 47, 484 *A.*2d 4 (1984).

These principles are especially important in a Mt. Laurel case since at stake is the long delayed vindication of vital constitutional rights. A judicially approved settlement will bar Mount Laurel suits against a municipality for a period of six years. *South Burlington Cty. NAACP v. Mount Laurel Tp.,* 92 *N.J.* 158, 291, 292, 456 *A.*2d 390 (1983). If the settlement is not crafted so as to vindicate these constitutional rights then a continuing injustice will continue for another six years.

Furthermore, in a Mount Laurel case the developer and a municipality may have "complementary objectives in settlement negotiations which are likely to result in an agreement which does not advance the goals of Mount Laurel." *Morris County Fair Housing, supra,* 197 *N.J.Super.* at 367, 368, 484 *A.*2d 1302 (Law Div.). To guard against such an unsatisfactory agreement the court should be sure that notice is given to all who may be interested in advancing the goals of Mount Laurel. In *Morris County Fair Housing, supra,* the court ordered that direct notice by mail be given to "a variety of other organizations which may have an interest in lower income housing, as well as any developers who have pending Mount Laurel claims." *Id.* at 374, 484 *A.*2d 1302.

Moreover, as a matter of fairness the residents of a community should be given notice and an opportunity to be heard with respect to the construction of Mount Laurel housing within that community.

The court does not agree that widespread notice will result in undue delay or prejudice to plaintiff or Kearny. On the contrary, the rights of the residents of Kearny and those interested in obtaining moderate and low income housing may be

severely prejudiced if they do not receive notice and an opportunity to be heard on issues vital to their interests.

Kearny will therefore mail to all of its residents a copy of the notice of the partial compliance hearing. The Special Master has recommended that notice be given to four organizations. This should be expanded to include any developer or organization that might reasonably have an interest in low or moderate income housing in Kearny. The Special Master will consult with the parties and the public advocate, prepare such an expanded list and arrange to have due notice given by the municipality.

The municipality will also publish a notice of the hearing in the manner recommended by the Special Master.

The Special Master will prepare a form of order in accordance with this opinion.

### ADDENDUM

On motion for reconsideration, the court adheres to its original decision, except as follows:

The notice need not be mailed to all of the residents of Kearny if the Special Master is satisfied that undue delay and expense would result. However, the Special Master will, after consultation with the parties, arrange to have additional measures taken to increase the likelihood that the residents of Kearny and low and middle income persons in the region will receive adequate and timely notice. For example, notices could be posted or distributed in Kearny at libraries, shopping centers, town hall, post offices and other places frequented by members of the public.

The Special Master should be mindful of and avoid undue delay and expense. However, the important public interest and constitutional rights involved herein should not be thrown to the winds because plaintiff is under financial pressure or because the giving of wide-spread notice will involve some expense.

Affording adequate notice and an opportunity to be heard to those affected by this important litigation is not merely an "abstract principle." (See Plaintiff's brief.) It is the practical application of fair play, due process and democracy.