939 A.2d 261 (2008)
398 N.J. Super. 59
DEG, LLC, Plaintiff-Respondent
v.
TOWNSHIP OF FAIRFIELD and Zoning Officer, Glenn Plumstead, in his Official Capacity, Defendants-Appellants.
Superior Court of New Jersey, Appellate Division.
Argued October 2, 2007.
Decided January 31, 2008.
*263 Bennett M. Stern, Livingston, argued the cause for appellants (Stern, Lavinthal, Frankenberg & Norgaard, attorneys; Mr. Stern and Mark S. Winter, on the brief).
Dennis J. Oury, argued the cause for respondent (Mr. Oury, attorney and of counsel; Sylvia Hall, on the brief).
Before Judges SKILLMAN, WINKELSTEIN and YANNOTTI.
The opinion of the court was delivered by
SKILLMAN, P.J.A.D.
The threshold question presented by this appeal is whether a governmental body has authority to enter into a settlement of a case challenging the constitutionality of a statute under which the governmental body agrees to an injunction against enforcement of the statute. We conclude that a governmental body has such authority if it reasonably concludes there is a substantial question concerning the statute's constitutionality and the costs of the statute's defense are not justifiable. However, the governmental body may seek to vacate or modify the judgment memorializing such a settlement if it can show that enforcement of the judgment would no longer be equitable due to changes in the law or facts since its entry.

I
N.J.S.A. 2C:34-7 prohibits any person from operating a sexually-oriented business within 1,000 feet of any place of public worship, school, school bus stop, child care center, public playground, place of public recreation, hospital or residential zone, unless such a business is expressly permitted by municipal ordinance. Any violation of this prohibition constitutes a fourth-degree crime. N.J.S.A. 2C:34-7d.
In Township of Saddle Brook v. A.B. Family Center, Inc., 156 N.J. 587, 596-98, 722 A.2d 530 (1999), the Court held that N.J.S.A. 2C:34-7 may be constitutionally applied only if there are "adequate alternative channels of communication" of sexually-oriented materials "within the relevant market area." The market area is not limited to a single municipality but extends to "areas located in other municipalities `within reasonable proximity[.]'" Id. at 597, 722 A.2d 530 (citations omitted).
In July 2005, DEG entered into a five-year lease of a 5,000 square-foot building *264 on Route 46 in Fairfield with the intention of using it as an adult video and lingerie store. This building is located in an area where sexually-oriented businesses are prohibited by N.J.S.A. 2C:34-7.
When DEG entered into the lease, a Fairfield zoning ordinance prohibited sexually-oriented businesses anywhere in the municipality. DEG applied for a permit for its proposed adult store, which the zoning officer denied based on the ordinance.
DEG then filed this suit claiming that Fairfield's zoning ordinance violated the First Amendment. DEG also claimed that N.J.S.A. 2C:34-7 was unconstitutional as applied to its proposed adult store. In support of this claim, DEG submitted an expert report which concluded that there is no location within the Fairfield market area where a sexually-oriented business can operate without violating N.J.S.A. 2C:34-7 or local zoning laws.
DEG applied to the trial court for a declaration of the unconstitutionality of N.J.S.A. 2C:34-7 as applied to its proposed sexually-oriented business. DEG also applied for a declaration of unconstitutionality of the ordinance prohibiting sexually-oriented businesses anywhere in the municipality. DEG sought entry of an order requiring the zoning officer to issue a permit allowing it to undertake the renovations required to commence operations.
On November 4, 2005, the trial court issued a letter opinion which concluded that the zoning ordinance prohibiting sexually-oriented businesses anywhere in Fairfield was "unconstitutional on its face." The court also concluded based on the limited record presented on the application for temporary restraints that "DEG has established that there are no locations in [Fairfield] or the surrounding municipalities where DEG can open its adult business without violating N.J.S.A. 2C:34-7[,]" and therefore, DEG had "established a reasonable likelihood of proving that N.J.S.A. 2C:34-7, if applied to this location, would violate the First Amendment." In addition, the court concluded that "at this juncture, the public interest in the uninhibited exercise of free speech outweighs any interest the State or [Fairfield] may have in preventing DEG from opening its adult business." Accordingly, the court entered an order mandating issuance of the permits required for DEG to commence operations. The court also ordered a plenary hearing regarding the constitutionality of N.J.S.A. 2C:34-7 as applied to DEG's adult business.
Acting under authority of this order, DEG began operation of the "Essex Adult Emporium" on its premises.
Before the court could conduct a plenary hearing regarding the constitutionality of N.J.S.A. 2C:34-7 as applied to DEG's business, the parties entered into settlement discussions, which culminated in entry of the consent judgment upon which this appeal turns. This consent judgment provides in pertinent part:
1. . . . [T]he township shall permit DEG to operate a retail store, located at 276 Route 46 East, Township of Fairfield, . . . for the purpose of selling adult products of a sexually-oriented nature, including, but not limited to videos, DVDs, magazines, novelties, lingerie, bathing suits and shoes.
. . . .
2. In the event that the Township adopts a future ordinance permitting the sale of adult-oriented products in a zone other than the zone within which DEG is permitted to operate the Store, pursuant to N.J.S.A. 40:55D-68, DEG shall apply for, and the Township Zoning Official shall issue to DEG within ten (10) days, Certification of Non-Conformity for the Store. In all respects, DEG shall apply *265 for said Certificate in conformance with said statute, with this Judgment evidencing the permissibility of DEG's use, as a pre-existing non-conforming use in the zone in which it is located.
The Fairfield governing body authorized this settlement by a resolution adopted at a meeting held on June 12, 2006.
At the same meeting, the governing body introduced a new ordinance that would permit sexually-oriented businesses as a conditional use in an existing zoning district other than the one in which DEG's business is located. The governing body conducted a public hearing regarding this proposed ordinance on June 26, 2006 and then voted for its adoption.
In February 2007, Fairfield contracted with a consultant, Burgis Associates, to determine whether there are areas within Fairfield where sexually-oriented businesses can be conducted under this new ordinance and in conformity with N.J.S.A. 2C:34-7. Fairfield then adopted another ordinance that authorized sexually-oriented businesses as a conditional use in a second zoning district.
In March 2007, DEG requested Fairfield to issue a "Certificate of Non-Conformity" in accordance with paragraph two of the consent judgment. The basis for this request was Fairfield's adoption of a zoning ordinance that created a district for sexually-oriented businesses.
Fairfield refused to issue the certificate of nonconformity on the ground that DEG's conduct of its sexually-oriented business violates N.J.S.A. 2C:34-7 and therefore the consent judgment is void.
This refusal precipitated DEG's filing of a motion in aid of litigant's rights to enforce the consent judgment. This motion also sought an award of attorneys' fees.
Fairfield filed a cross-motion under Rule 4:50 for relief from the consent judgment. Fairfield claimed that it had consented to the judgment based on the representation of DEG's expert that there were no locations within the Fairfield market area where sexually-oriented businesses could be conducted in conformity with N.J.S.A. 2C:34-7 and local zoning laws, but it now appeared from the Burgis Associates' report that this representation was inaccurate.
The trial court granted DEG's motion for relief in aid of litigant's rights and denied Fairfield's motion for relief from the consent judgment. The court concluded that the consent judgment was a binding agreement to settle DEG's lawsuit and should be enforced. The court rejected Fairfield's reliance upon the Burgis report because that report was based on ordinances permitting sexually-oriented businesses that were adopted after Fairfield entered into the consent judgment and because paragraph two of the judgment required Fairfield to issue a "Certificate of non-conformity" if such an ordinance was adopted. The court also concluded that "[t]he issue of whether N.J.S.A. 2C:34-7 was unconstitutional as applied in this case was removed from the Court's determination by the Judgment." Accordingly, the court ordered Fairfield to provide DEG with a certificate of nonconformity within ten days. The court also awarded DEG $3,500 for the attorneys fees it had incurred in bringing the motion in aid of litigant's rights.
Fairfield appealed from the order memorializing these rulings and moved before the trial court for a stay pending appeal, which was denied. Fairfield then moved before us for a stay. We granted a stay of the part of the order that required Fairfield to issue a certificate of nonconformity to DEG but provided that DEG may continue to operate its current sexually-oriented *266 business pending the outcome of the appeal.
On appeal, Fairfield argues that the consent judgment permits DEG to operate a sexually-oriented business in violation of N.J.S.A. 2C:34-7 and therefore is void. Fairfield also argues that the consent judgment is contrary to public policy. For these reasons, Fairfield claims that the trial court should have granted relief from the judgment under Rule 4:50.
We conclude that a governmental entity such as Fairfield may settle litigation challenging the constitutionality of a statute, and therefore the consent judgment settling DEG's as-applied challenge to the constitutionality of N.J.S.A. 2C:34-7 is not void. However, we also conclude that a governmental entity may seek relief from such a judgment based on changed circumstances or considerations of public policy, and that Fairfield made a sufficient showing of entitlement to such relief to require development of a full record. Accordingly, the order denying Fairfield's motion and granting DEG's motion for relief in aid of litigant's rights is reversed, and the case is remanded to the trial court.

II
A municipality has no authority to allow conduct that is prohibited by a state statute. See Do-Wop Corp. v. City of Rahway, 168 N.J. 191, 197-200, 773 A.2d 706 (2001). However, a municipality also has no authority to enforce a statute that is unconstitutional as applied. See A.B. Family Ctr., supra, 156 N.J. at 596-98, 722 A.2d 530. The threshold issue presented by this appeal is whether a municipality can settle an as-applied challenge to the constitutionality of a statute by agreeing to an injunction against enforcement of the statute rather than litigating the case to judgment.
Our courts have long encouraged the settlement of litigation. See Puder v. Buechel, 183 N.J. 428, 437-38, 874 A.2d 534 (2005); Nolan v. Lee Ho, 120 N.J. 465, 472, 577 A.2d 143 (1990). "Settlements permit parties to resolve disputes on mutually acceptable terms rather than exposing themselves to the adverse judgment of a court." Morris County Fair Hous. Council v. Boonton Twp., 197 N.J.Super. 359, 366, 484 A.2d 1302 (Law Div.1984), aff'd o.b., 209 N.J.Super. 108, 506 A.2d 1284 (App.Div.1986). "Settlements also save parties litigation expenses and facilitate the administration of the courts by conserving judicial resources." Ibid.
We have not located any published opinion in this State in which a court has approved a settlement of a challenge to the constitutionality of a statute under which the State or a local governmental body agreed to an injunction against enforcement of the statute. However, in Town Tobacconist v. Kimmelman, 94 N.J. 85, 93-94, 462 A.2d 573 (1983), the Court noted, without comment, that the Attorney General had entered into a consent order enjoining enforcement of the Drug Paraphernalia Act, N.J.S.A. 24:21-46 to -53, pending trial on a challenge to its constitutionality.
Moreover, federal courts have approved settlements of lawsuits challenging the constitutionality of statutes under which state officials agreed to injunctions against enforcement of part or all of the challenged statute. See, e.g., Lawyer v. Dep't of Justice, 521 U.S. 567, 578-80, 117 S.Ct. 2186, 2193-94, 138 L.Ed.2d 669, 681-82 (1997) (approving settlement of action challenging constitutionality of statute establishing state legislative districts, under which Attorney General agreed to new legislative districts with different boundaries than those provided under the challenged statute); Ragsdale v. Turnock, 734 *267 F.Supp. 1457, 1460 (N.D.Ill.1990) (approving settlement of action challenging constitutionality of statutes regulating abortions, under which state officials agreed to injunction against enforcement of certain of those statutes), appeal dismissed for lack of standing, 941 F.2d 501 (1991); see also Freeman v. Pitts, 503 U.S. 467, 472-73, 112 S.Ct. 1430, 1436, 118 L.Ed.2d 108, 123 (1992) (noting that class action school desegregation case brought by group of black school children and their parents had been settled by a consent order, under which defendant county agreed that all former de jure black schools would be closed and their students reassigned among remaining neighborhood schools); Ark. Cmty. Orgs. for Reform Now v. Ark. State Bd. of Optometry, 468 F.Supp. 1254, 1256 (E.D.Ark. 1979) (noting entry of consent order declaring statute that prohibited solicitation of sale of eyeglasses by optometrists was unconstitutional and enjoining its enforcement).
Similarly, we have approved settlements of litigation involving challenges to the constitutionality of municipal ordinances, most notably in Mount Laurel litigation challenging the constitutionality of zoning ordinances on the ground that they fail to create a reasonable opportunity for creation of a municipality's fair share of affordable housing. See, e.g., Warner Co. v. Sutton, 274 N.J.Super. 464, 474-77, 644 A.2d 656 (App.Div.1994); Morris County Fair Hous. Council, supra, 197 N.J.Super. at 366-71, 484 A.2d 1302.
We perceive no reason why a municipality may not similarly settle an action challenging the constitutionality of N.J.S.A. 2C:34-7 as applied to a sexually-oriented business proposed to be operated within its boundaries.[1] A governmental body against which such litigation is brought may conclude, as in any other type of case, that the prospects of successfully defending the statute's constitutionality are unfavorable and therefore the costs of such a defense are not justifiable. In this case, for example, the trial court stated, in granting DEG's application for temporary restraints, that DEG had "established a reasonable likelihood of proving that N.J.S.A. 2C:34-7, if applied to [the site of its proposed sexually-oriented business], would violate the First Amendment[.]" Moreover, Fairfield was undoubtedly advised that a defense of N.J.S.A. 2C:34-7 as applied to DEG's proposed business would require the retention of an expert to determine the availability of "adequate alternative channels of communication within the relevant market area." A.B. Family Ctr., supra, 156 N.J. at 597, 722 A.2d 530. Fairfield also could reasonably have concluded that, by agreeing to settle DEG's challenge to the constitutionality of N.J.S.A. 2C:34-7, it could obtain DEG's consent to restrictions upon its business operations that the trial court might not impose if the case were fully litigated and DEG prevailed. In fact, the consent judgment imposes limitations upon the signage and window displays DEG may place on the premises and prohibits DEG from "permit[ting] customers to view the videos or DVDs in any booth or other enclosed area[.]" For these reasons, we conclude that Fairfield had the requisite authority to settle this action. Therefore, the consent judgment is not void.

*268 III
We now turn to the trial court's rejection of Fairfield's motion for relief from the judgment. Fairfield relied upon subsections (a), (b) and (f) of Rule 4:50-1 in support of its motion, and we conclude that subsection (e) is the most relevant subsection. These subsections provide in pertinent part:
On motion, . . . and upon such terms as are just, the court may relieve a party . . . from a final judgment or order for the following reasons: (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under R. 4:49; . . . (e) . . . it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.
Fairfield argues that the Burgis report, which concludes that there are forty sites in Fairfield where sexually-oriented businesses can be conducted in conformity with N.J.S.A. 2C:34-7, and Fairfield's newly adopted ordinances that permit sexually-oriented businesses in two zoning districts constitute "newly discovered evidence which would probably alter the [consent] judgment[,]" thus entitling the municipality to relief under Rule 4:50-1(b). However, relief is available under subsection (b) only if the moving party could not have discovered the alleged newly discovered evidence by "due diligence" before entry of judgment. See Quick Chek Food Stores v. Twp. of Springfield, 83 N.J. 438, 445, 416 A.2d 840 (1980). Fairfield made a decision in 2006 to settle this litigation without obtaining an expert report, such as the Burgis report, which would have been required to defend the constitutionality of N.J.S.A. 2C:34-7 as applied to DEG's proposed sexually-oriented business. Therefore, Fairfield's motion does not satisfy the "due diligence" requirement of Rule 4:50-1(b).
Fairfield also argues that the Burgis report shows that the consent judgment was entered based on a mistaken assumption that there are no other locations in the Fairfield area where a sexually-oriented business can operate in conformity with N.J.S.A. 2C:34-7, thus entitling the municipality to relief under Rule 4:50-1(a). However, it appears from the Burgis report and the expert report DEG relied on in support of its challenge to N.J.S.A. 2C:34-7 that the existence of other locations in the Fairfield area where sexually-oriented businesses can be operated is not a simple question of fact but rather a matter of expert opinion. A mere difference of expert opinion cannot establish a mistake of fact that could justify relief under Rule 4:50-1(a). Furthermore, the Burgis report indicates that sexually-oriented businesses are permitted in the forty locations identified in that report only as a result of the adoption, subsequent to the settlement of this litigation, of ordinances that established zoning districts where such businesses are now permitted. Therefore, there is no factual foundation for finding that DEG and Fairfield entered into the consent judgment based on a mistake of fact that could entitle Fairfield to relief from the judgment under Rule 4:50-1(a).
In applying Rule 4:50-1(e), our courts have relied upon the experience of the federal courts under Fed.R.Civ.P. 60(b)(5), which is the equivalent federal rule. Hous. Auth. of Morristown v. Little, 135 N.J. 274, 285, 639 A.2d 286 (1994); Toll Bros., Inc. v. Twp. of W. Windsor, 334 N.J.Super. 77, 98-102, 756 A.2d 1056 (App. *269 Div.2000), certif. denied, 168 N.J. 295, 773 A.2d 1159 (2001). Applying a standard adopted by the Supreme Court of the United States, we have recognized that a flexible approach should be taken in considering motions under Rule 4:50-1(e) for vacation or modification of "judgments in public-interest litigation which call for continued judicial oversight[.]" Toll Bros., supra, 334 N.J.Super. at 99, 756 A.2d 1056. Under this standard, a party must establish "a significant change in facts or law" that warrants relief from the judgment. Id. at 100, 756 A.2d 1056 (quoting Rufo v. Inmates of Suffolk County Jail, 502 U.S. 367, 393, 112 S.Ct. 748, 765, 116 L.Ed.2d 867, 892 (1992)). Relief under Rule 4:50-1(e) may be warranted by changed circumstances that render continuing enforcement of a judgment "detrimental to the public interest." Toll Bros., supra, 334 N.J.Super. at 100, 756 A.2d 1056. Such changed circumstances "need not be limited to those which were both unforeseen and unforeseeable." Ibid. These standards for modification or vacation of a judgment apply both to judgments entered after full adjudication and consent judgments. Id. at 101, 756 A.2d 1056.
We are satisfied that a settlement of litigation under which a municipality agrees to entry of a judgment enjoining enforcement of a criminal statute implicates the public interest and therefore warrants a flexible approach to a motion under Rule 4:50-1(e) for vacation or modification of a judgment memorializing the settlement. We are also satisfied that Fairfield's adoption of zoning ordinances that permit sexually-oriented businesses in two zoning districts constitutes a significant change in law that may provide a basis for relief under Rule 4:50-1(e).
We recognize that the consent judgment specifically contemplated that Fairfield might adopt an ordinance permitting sexually-oriented businesses in zoning districts other than the one where DEG's business is located and provided that DEG could continue its business operation if that eventually occurred. Moreover, a party is not ordinarily entitled to relief under Rule 4:50-1(e) where the other party has "relie[d] upon events that actually were anticipated at the time it entered into a [consent judgment]." Toll Bros., supra, 334 N.J.Super. at 100, 756 A.2d 1056 (quoting Rufo, supra, 502 U.S. at 385, 112 S.Ct. at 760, 116 L.Ed.2d at 887).
However, the overriding expression of public policy at issue in this case is not Fairfield's zoning ordinances but rather N.J.S.A. 2C:34-7, which constitutes a determination by the New Jersey Legislature that a sexually-oriented business should not be permitted within 1,000 feet of a school, church or other specified use. See Do-Wop, supra, 168 N.J. at 198, 773 A.2d 706. Although we have concluded for the reasons set forth in section I of this opinion that a municipality may settle an as-applied challenge to the constitutionality of N.J.S.A. 2C:34-7, the essential premise of any such settlement is the existence of a substantial question as to whether the statute can be constitutionally applied to prohibit plaintiff's proposed sexually-oriented business. In fact, in several of the cases that we relied upon in support of our conclusion that a governmental body may settle a challenge to the constitutionality of a statute, the court reviewed the proposed settlement to determine whether it was fair and reasonable before approving a consent judgment under which enforcement of the challenged statute was enjoined. See, e.g., Lawyer, supra, 521 U.S. at 574-75, 117 S.Ct. at 2192, 138 L.Ed.2d at 679; Ragsdale, supra, 734 F.Supp. at 1458-62; Morris County Fair Hous. Council, supra, 197 N.J.Super. at 366-71, 484 A.2d 1302. Therefore, if Fairfield can *270 show that there was no substantial question regarding the constitutionality of N.J.S.A. 2C:34-7 as applied to plaintiff's business or that N.J.S.A. 2C:34-7 may be constitutionally applied as a result of adoption of the new ordinances permitting sexually-oriented businesses in areas that do not fall within its prohibition, relief under Rule 4:50-1(e) may be warranted.
This does not mean that Fairfield would be automatically entitled to relief from the judgment if it can show that there are other locations within the relevant market area where sexually-oriented businesses can be conducted in conformity with N.J.S.A. 2C:34-7. The trial court should consider all relevant circumstances in determining whether "it is no longer equitable that the [consent] judgment . . . should have prospective application[.]" R. 4:50-1(e); see Deland v. Twp. of Berkeley Heights, 361 N.J.Super. 1, 15-16, 824 A.2d 185 (App.Div.), certif. denied, 179 N.J. 185, 843 A.2d 1152 (2003). Those circumstances include DEG's reasonable reliance upon the consent judgment. They also include the nature and magnitude of the nonconformity of DEG's business operation with N.J.S.A. 2C:34-7's prohibition. For example, Fairfield would have a more compelling basis for relief from the judgment if DEG's business is located in close proximity to a church or school than if it is 975 feet from a residential zone. If there are contested factual issues material to DEG's entitlement to relief under Rule 4:50-1(e), the court should conduct a plenary hearing to resolve those issues.
Because we conclude that DEG's motion for relief from the judgment falls within Rule 4:50-1(e), there is no need to consider Rule 4:50-1(f). This subsection of Rule 4:50-1 is a "catch-all" provision that applies only in circumstances warranting relief from a judgment that do not fall within any other subsection of the rule. See Manning Eng'g, Inc. v. Hudson County Park Comm'n, 74 N.J. 113, 122-23, 376 A.2d 1194 (1977). We are satisfied that any "exceptional circumstances" that would entitle Fairfield to relief under subsection (f), see id. at 122, 376 A.2d 1194, may also be considered in determining Fairfield's entitlement to relief under subsection (e).

IV
Finally, we address paragraph two of the consent judgment. We have concluded for the reasons set forth in section I of this opinion that Fairfield had authority to settle DEG's challenge to the constitutionality of N.J.S.A. 2C:34-7, and therefore the part of the consent judgment under which Fairfield agreed to permit DEG to operate a sexually-oriented business at a location where such a business would be prohibited by N.J.S.A. 2C:34-7 is not void. However, we conclude that paragraph two of the consent judgment is not authorized by the Municipal Land Use Law (MLUL), N.J.S.A. 40:55D-1 to -99, and therefore must be vacated.
This paragraph provides:
In the event that the Township adopts a future ordinance permitting the sale of adult-oriented products in a zone other than the zone within which DEG is permitted to operate the Store, pursuant to N.J.S.A. 40:55D-68, DEG shall apply for, and the Township Zoning Official shall issue to DEG within ten (10) days, a Certificate of Non-Conformity for the Store. In all respects, DEG shall apply for said Certificate in conformance with said statute, with this Judgment evidencing the permissibility of DEG's use, as a pre-existing non-conforming use in the zone in which it is located.
The sole authority in the MLUL for continuation of a nonconforming use is *271 provided by N.J.S.A. 40:55D-68, which states in pertinent part:
Any nonconforming use or structure existing at the time of the passage of an ordinance may be continued upon the lot or in the structure so occupied. . . .
The prospective purchaser, prospective mortgagee, or any other person interested in any land upon which a nonconforming use or structure exists may apply in writing for the issuance of a certificate certifying that the use or structure existed before the adoption of the ordinance which rendered the use or structure nonconforming.
"The plain language of N.J.S.A. 40:55D-68 protects only preexisting nonconforming uses from changes made in municipal zoning ordinances." Do-Wop Corp., supra, 168 N.J. at 198, 773 A.2d 706. "It does not protect those uses from changes made in state regulatory statutes [ ]" such as N.J.S.A. 2C:34-7. Ibid.
The consent judgment constituted a settlement agreement between DEG and Fairfield of DEG's claim that N.J.S.A. 2C:34-7 was unconstitutional as applied to DEG's proposed sexually-oriented business. Under this settlement, Fairfield agreed to allow DEG to operate its sexually-oriented business even though the location of that business violated N.J.S.A. 2C:34-7. However, Fairfield did not adopt an ordinance that prohibited what had formerly been a permitted use, which is the essential precondition for recognition of a nonconforming use under N.J.S.A. 40:55D-68. See Do-Wop, supra, 168 N.J. at 198, 773 A.2d 706.
We note that the settlement agreement could have required Fairfield to adopt an amendment to its zoning ordinance under which DEG's proposed sexually-oriented business would have become a permitted use. Notwithstanding the general prohibition of N.J.S.A. 2C:34-7 against the location of sexually-oriented businesses within 1,000 feet of a school, church or other use specified in this statute, the Legislature has authorized municipalities to permit exceptions. However, a municipality may grant such permission only by adoption of an amendment to its zoning ordinance. N.J.S.A. 2C:34-2 provides in pertinent part:
Nothing contained in [N.J.S.A. 2C:34-7] shall be construed to prohibit a municipality from adopting as a part of its zoning ordinances an ordinance permitting the sale, distribution, rental or exhibition of obscene material in which event such sale, distribution, rental or exhibition shall be deemed legal.
Fairfield did not adopt such an ordinance, which would have made DEG's proposed sexually-oriented business a permitted use that presumably would have been protected as a nonconforming use from any subsequent amendment to the zoning ordinances that prohibited this use. Instead, Fairfield's governing body simply passed a resolution authorizing the settlement agreement.[2] Furthermore, the final *272 sentence of the settlement agreement specifically states that "this judgment shall not be construed as an ordinance adopted pursuant to N.J.S.A. 2C:34-2 as referenced in N.J.S.A. 2C:34-7(a)." Therefore, Fairfield failed to take the only form of municipal action that could have resulted in DEG's sexually-oriented business becoming a nonconforming use  adoption of an amendment to the zoning ordinances in accordance with N.J.S.A. 2C:34-2 to make this use a permitted use. In the absence of such an ordinance, the only authorization for continuation of DEG's sexually-oriented business is the consent judgment which, as discussed in section II of this opinion, is subject to vacation or modification under Rule 4:50-1(e).
Accordingly, we reverse the order granting DEG's motion for enforcement of the consent judgment. We vacate paragraph two of that judgment and remand to the trial court for further proceedings in conformity with this opinion.
NOTES
[1] It would be more appropriate for the Attorney General rather than the governing body of an individual municipality to determine whether to settle an as-applied challenge to the constitutionality of a state statute. However, the Attorney General declined to participate in the defense of this action on the ground that it did not involve a "question of statewide import."
[2] We note that a municipal governing body may pass a resolution without following the statutorily-mandated procedures for adoption of an ordinance, which provide for more effective notice to the public and a more deliberate decision-making process. A resolution may be passed "at the same meeting at which it is introduced." N.J.S.A. 40:49-1. An ordinance, by contrast, must be published in a local newspaper following its introduction. N.J.S.A. 40:49-2. In addition, prior to a vote on adoption of an ordinance, all interested persons must have "an opportunity to be heard[.]" Ibid.; see In re Referendum Petition to Repeal Ordinance 04-75, 192 N.J. 446, 460 n. 9, 931 A.2d 595 (2007). An amendment to a zoning ordinance requires adherence to the provisions of the MLUL in addition to requirements for adoption of other ordinances. William M. Cox & Donald M. Ross, New Jersey Zoning and Land Use Administration §§ 34-1 to 34-2.5, at 734-47 (2007).