**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-5698-17T2
               A-5710-17T2

MFC RESOURCES, INC., MFC
COMMODITIES GMBH, MFC
COMMODITIES U.S.A., L.P., INC.,
and MFC COMMODITIES U.S.A.,
G.P., INC.

     Plaintiffs-Appellants,

and

POSSEHL MEXICO, S.A. D.E. C.V.,

     Plaintiff,

v.

ESTATE OF JUERGEN HOMANN,[1]

     Defendant-Respondent,

and

YAN CHEN, JEFF TIANG, JOHN
HOYING, CJAM CORPORATION, INC.,
THYSSENKRUPP METALLURGICAL
PRODUCTS GMBH,

---

[1] Because defendant Juergen Homann passed away during the pendency of this appeal, the Estate of Juergen Homann was substituted in his place as a party defendant pursuant to our June 27, 2019 order.

and THYSSENKRUPP MATERIALS NA, INC.,

Defendants.

_____

MFC RESOURCES, INC., MFC COMMODITIES GMBH, MFC COMMODITIES U.S.A., L.P., INC., and MFC COMMODITIES U.S.A., G.P., INC.,

Plaintiffs,

and

POSSEHL MEXICO, S.A. D.E. C.V.,

Plaintiff-Appellant,

v.

ESTATE OF JUERGEN HOMANN,

Defendant-Respondent,

and

YAN CHEN, JEFF TIANG, JOHN HOYING, CJAM CORPORATION, INC., THYSSENKRUPP METALLURGICAL PRODUCTS GMBH, and THYSSENKRUPP MATERIALS NA, INC.,

Defendants.

_____

A-5698-17T2

Argued telephonically April 22, 2020 –
Decided May 21, 2020

Before Judges Fuentes, Mayer and Enright.

On appeal from the Superior Court of New Jersey, Law
Division, Bergen County, Docket No. L-9612-13.

Charles Michael (Steptoe & Johnson LLP) of the New
York bar, admitted pro hac vice, argued the cause for
appellants in A-5698-17 (Cole Schotz, PC, and Charles
Michael, attorneys; Christopher P. Massaro, Michael
Charles Klauder, and Charles Michael, of counsel and
on the briefs).

Aaron Van Nostrand argued the cause for appellant in
A-5710-17 (Greenberg Traurig LLP, attorneys; Aaron
Van Nostrand, on the briefs).

Jeremy B. Stein argued the cause for respondent in A-
5698-17 and A-5710-17 (Hartmann Doherty Rosa
Berman & Bulbulia, LLC, attorneys; Mark Allan
Berman, Jeremy B. Stein, and Janel R. Alania, on the
briefs).

PER CURIAM

These appeals, argued back-to-back, return to us after a remand to the trial
court for an evidentiary hearing on the enforceability of an oral settlement
agreement. MFC Resources, Inc. v. Homann, No. A-3866-14 (App. Div. July
11, 2017) (MFC I). Plaintiffs MFC Resources, Inc., MFC Commodities GMBH,
MFC Commodities U.S.A., L.P., Inc., MFC Commodities, U.S.A., G.P., Inc.
(collectively, MFC), and Possehl Mexico, S.A. D.E. C.V. (Possehl) argued there

was no enforceable oral settlement with Homann.  We affirm the June 29, 2018 order and judgment, finding an enforceable oral settlement agreement between the parties and awarding defendant the sum of $7,100,000 for the reasons set forth in Judge James J. DeLuca's May 25, 2018 comprehensive written decision.[2] We also affirm the August 6, 2018 amended order and judgment awarding defendant the additional sum of $546,053.93, representing pre-judgment interest.

The facts and procedural history are detailed in our opinion in MFC I. Based on our remand instructions, Judge DeLuca conducted an evidentiary hearing on two consecutive days.  He heard testimony from seven witnesses and reviewed documentary evidence to determine whether the parties entered into an enforceable oral settlement agreement.

The testimony of the witnesses proffered by plaintiffs varied significantly from the testimony of defendant's witnesses.  Judge DeLuca made detailed credibility determinations as to each witness and reviewed the written evidence offered by the parties in conjunction with the testimony.  Based on the credible

---

[2]  Judge DeLuca entered an amended written decision on July 6, 2018, reaffirming his finding of an enforceable oral settlement agreement.

A-5698-17T2

testimony and written evidence, Judge DeLuca concluded a term sheet prepared by Kevin Colosimo, Homann's personal attorney,

> set forth specific . . . essential terms of the agreement between MFC and Homann.  MFC representatives reviewed those items on receipt of the Colosimo Term Sheet and did not dispute those terms. . . .  MFC representatives . . . advised third parties that MFC had reached a deal.  While the parties may have intended to further "flesh out" the mechanics of the deal, the failure to agree on such mechanics [did] not preclude enforcement of the matter.

> . . . .

> Homann has proven by a preponderance of the credible evidence that MFC and Homann entered into a settlement.  While MFC may have had second thoughts about its settlement with Homann or even the wisdom of such a settlement, the court will not permit such second thoughts or change of heart to thwart/undo such settlement.

The judge instructed Homann's counsel to submit an order to the court. Plaintiffs objected to defendant's form of order.  On June 27, 2018, Judge DeLuca held a hearing to settle the form of order and enter judgment.  The judge attempted to resolve the parties' disputes and allowed counsel until June 29 to agree upon the form of the order.  If the parties were unable to settle the form of the order, the judge stated he would enter the order prepared by defense counsel.

A-5698-17T2

The parties were unable to reach an agreement on the form of the order, and Judge DeLuca adopted defendant's proposed order and judgment. The June 29, 2018 order entered judgment in favor of Homann and against "MFC Industrial[] Ltd. n/k/a MFC Bancorp, Ltd. and/or 0778539BC, Ltd., MFC Resources, Inc., MFC Commodities GMBH, MFC Commodities U.S.A., L.P., Inc., MFC Commodities U.S.A. G.P., Inc., and Possehl Mexico, S.A. DE C.V., jointly and severally, in the amount of seven million one hundred thousand dollars[.]" In an August 6, 2018 amended order and judgment, Judge DeLuca awarded defendant prejudgment interest accruing as of the date of the oral settlement agreement.

On appeal, plaintiffs challenge the judge's determination that the parties had an enforceable oral settlement agreement. Specifically, plaintiffs argue the following: the underlying sale contracts required any change to be in writing and provided that New York law, which does not recognize oral settlement agreements, controlled all issues; under New Jersey choice of law rules, the judge should have applied New York law in deciding whether the parties had an enforceable agreement; the statute of frauds under both New Jersey and New York law required the settlement to be in writing because the alleged agreement

included a guarantee of payment by MFC Industrial Ltd. (MFC Industrial),[3] the parent company of MFC; and the facts did not support a finding that the parties agreed to all material terms. Plaintiffs also contend the judge should have declared the settlement unenforceable based on spoliation of evidence and ethical violations. In addition, they challenge the final judgment, claiming MFC Industrial and Possehl were improperly named as parties responsible to satisfy the judgment.

Several of plaintiffs' arguments in these appeals were raised and rejected in MFC I. In the prior appeal, plaintiffs argued: (1) the underlying sales contracts required any changes to be in writing; (2) New York law does not recognize oral settlements; (3) even under New Jersey law there was no enforceable oral settlement agreement; and (4) any alleged agreement was the product of an ethical violation by Homann's attorney. Alternative to these dispositive legal arguments, plaintiffs claimed an evidentiary hearing was required to determine whether the parties reached an enforceable oral settlement agreement.

In deciding MFC I, we held

---

[3] On February 16, 2016, MFC Industrial Ltd. changed its name to MFC Bancorp Ltd. On July 14, 2017, MFC Bancorp Ltd. changed its name to 0778539 B.C. Ltd.

> MFC contends, in part, that the judge erred in finding the parties reached an enforceable settlement agreement. MFC argues the evidence was insufficient to establish that the parties intended to be bound or had agreed to the essential terms of the alleged settlement. MFC posits that the court should have held an evidentiary hearing to resolve the factual disputes surrounding the alleged settlement. We agree.
> [MFC I, slip op. at 5.]

In remanding the matter for an evidentiary hearing to determine whether there was an enforceable agreement, plaintiffs' dispositive arguments that the oral settlement was unenforceable as a matter of law were rejected as lacking merit. Had plaintiffs prevailed on their purely legal arguments in MFC I, it would have been pointless to remand the matter for an evidentiary hearing.

The remand instructions in MFC I established the law of the case, concluding an evidentiary hearing was necessary to resolve factual disputes and determine whether the parties agreed to an enforceable oral settlement. See Henebema v. Raddi, 452 N.J. Super. 438, 450-51 (App. Div. 2017). The law of the case doctrine provides that once an issue is litigated and decided in a suit, relitigation should be avoided absent new evidence, a recent change in the controlling law, or a clearly erroneous prior decision. Sisler v. Gannett Co., Inc., 222 N.J. Super. 153, 159 (App. Div. 1987). "The law-of-the-case doctrine 'most commonly applies to the binding nature of appellate decisions upon a trial

court if the matter is remanded for further proceedings, or upon a different appellate panel which may be asked to reconsider the same issue in a subsequent appeal.'" Brown v. Twp. of Old Bridge, 319 N.J. Super. 476, 494 (App. Div. 1999) (quoting Slowinski v. Valley Nat'l Bank, 264 N.J. Super. 172, 179 (App. Div. 1993)). "Where the rule is applied to a prior appellate decision in the same case, the doctrine is more stringent." Sisler, 222 N.J. Super. at 160.

An appellate remand is not an opportunity to reassert the same legal arguments raised in the first appeal absent a change in the law or newly discovered facts. Plaintiffs failed to argue any recently decided case law or newly discovered facts justifying our review of identical arguments considered and rejected in MFC I and therefore we decline to address plaintiffs' repeat arguments in this appeal. However, we note plaintiffs asserted new arguments that could not have been raised in MFC I because those arguments were not ripe until Judge DeLuca rendered his findings of facts and conclusion of law after the remand hearing. Thus, we limit our review in these appeals to plaintiffs' challenges to Judge DeLuca's determinations.

We first consider plaintiffs' argument that the judge should have applied New York law to determine whether the oral settlement agreement was enforceable. Plaintiffs claimed that the underlying sales contracts with Homann

provided New York law would govern. Judge DeLuca rejected this argument and applied New Jersey law because he found the oral settlement agreement was separate from and independent of the underlying sales contracts. We are satisfied that the choice of law provision in the underlying sales contract, applying New York law, was irrelevant to the separate oral settlement agreement and therefore the judge's application of New Jersey law was proper.

In addition, New Jersey had the most significant relations under New Jersey's choice of law principles. Gilbert Spruance Co. v. Pennsylvania Mfrs.' Ass'n Ins. Co., 134 N.J. 96, 102 (1993) (focusing choice of law decisions "on the state that has the most significant connections with the parties and the transaction"). Here, plaintiffs filed suit in New Jersey, Homann resided in New Jersey, at least one corporate plaintiff had its principal place of business in New Jersey, and the oral settlement agreement resolved a New Jersey civil litigation. Therefore, New Jersey law had the more significant relationship regarding the parties' oral settlement agreement and New Jersey law applied.

We next review plaintiffs' argument that the statute of frauds required a written agreement as a result of Judge DeLuca's inclusion of MFC Industrial as

10

an entity agreeing to guarantee plaintiffs' debts.[4]  Plaintiffs contend that if MFC

Industrial, which was not a party to the litigation, agreed to guarantee payment

of the settlement sum on behalf of plaintiffs, the statute of frauds required the

agreement to be in writing to be enforceable.

We disagree.  MFC Industrial did not guarantee a debt requiring a writing

under the statute of frauds.  N.J.S.A. 25:1-15 compels "[a] promise to be liable

for the obligation of another . . . to be enforceable, shall be in a writing[.]"  Here,

the term sheet provided "MFC Industrial[] Ltd. et al. (parent for and on behalf

of relevant subsidiaries)" agreed to be bound by the terms of the settlement

agreement.  MFC Industrial did not agree to guaranty a payment obligation of

another.  Rather, on its own behalf and on behalf of all plaintiffs, MFC Industrial

agreed to be bound by the terms of the settlement in return for dismissal of the

litigation.  Moreover, there was no promise to pay a financial obligation to

Homann at the time of the oral settlement because litigation was still pending

with each party claiming the other owed money.  Therefore, the statute of frauds

was inapplicable.

---

[4] Plaintiffs were unable to raise this issue in MFC I because MFC Industrial was
not named in the order and judgment that gave rise to that appeal.

We also reject plaintiffs' contention that Judge DeLuca's findings of fact and conclusions of law were unsupported by the evidence in the record. Our scope of review of a judgment following a bench trial is limited. Final determinations of a trial court "premised on the testimony of witnesses and written evidence at a bench trial" are deferentially reviewed. D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013). We also defer to a trial judge's credibility determinations. In re Return of Weapons to J.W.D., 149 N.J. 108, 117 (1997).

Here, the evidentiary hearing turned on witness credibility, and the judge found defendant's witnesses to be more credible than plaintiffs' witnesses. We are not free to disregard Judge DeLuca's factual findings so long as those findings are supported by the record. See Willingboro Mall, Ltd. v. 240/242 Franklin Ave., L.L.C., 421 N.J. Super. 445, 455 (App. Div. 2011), aff'd, 215 N.J. 242 (2013). We are satisfied the judge's factual determinations are fully supported by the credible evidence in the record.

Plaintiffs also assert that the judge failed to address their spoliation of evidence claim related to the loss of the meeting notes from which Homann's attorney prepared the term sheet. Spoliation is the intentional destruction or hiding of evidence. See Rosenblit v. Zimmerman, 166 N.J. 391, 400-01 (2001).

12

There is no evidence in the record that Homann's attorney destroyed the notes to conceal facts from plaintiffs. Homann's attorney testified he diligently searched for the notes unsuccessfully and speculated they were probably lost when he relocated his office. Plaintiffs failed to present any evidence to contradict or impugn this testimony. In this light, Judge DeLuca correctly concluded plaintiffs' spoliation allegation lacked merit.

We next address plaintiffs' argument that the judge erred in signing defendant's form of order and final judgment. According to plaintiffs, the executed order and judgment improperly included Possehl and MFC Industrial as liable parties. Possehl argued it was not a party to the purported oral settlement agreement. MFC Industrial argued it cannot be liable because it was not a party to the litigation.

Generally, a judgment cannot bind a non-party. See N. Haledon Fire Co. No. 1 v. Borough of N. Haledon, 425 N.J. Super. 615, 628 (App. Div. 2012). However, under circumstances where a non-party's interest has been represented by a party in a litigation, the non-party may be bound by the judgment. Id. at 628-29 (citing Morris Cty. Fair Hous. Council v. Boonton Twp., 197 N.J. Super. 359, 364-65 (Law Div. 1984), aff'd o.b., 209 N.J. Super. 108 (App. Div. 1986)). "[I]f it appears that a particular party, although not before the court in person, is

so far represented by others that his interest received actual and efficient protection, the decree will be held to be binding upon him." Morris Cty. Fair Hous. Council, 197 N.J. Super. at 365 (quoting Rynsburger v. Dairymen's Fertilizer Co-op., Inc., 72 Cal. Rptr. 102, 107 (Ct. App. 1968)).

During an in-chambers discussion with counsel prior to addressing the proposed form of order and judgment, Judge DeLuca discussed his views on reconciling the form of order. While we do not have the benefit of the judge's in-chambers comments regarding the form of order and judgment, Judge DeLuca explained in his May 25, 2018 written decision that plaintiffs' representatives, the Chief Executive Officer (CEO) and Chief Financial Officer (CFO) of MFC Industrial, met with Homann and his attorney to discuss resolution of the underlying litigation. The judge accepted as credible Homann's testimony that plaintiffs' CEO, Gerardo Cortina, and its CFO, Samuel Morrow, represented that they had authority to settle the litigation. The term sheet also reinforced the judge's finding because it was an agreement between Homann and "MFC Industrial[] Ltd. et al. (parent for and on behalf of relevant subsidiaries)."

Even though MFC Industrial was not named as a party in the litigation, it chose to negotiate with Homann and to enter into a settlement on its own behalf.

MFC Industrial was bound by the oral settlement agreement because it was represented in this matter and benefitted from the dismissal of the litigation.

We are also satisfied that Possehl was properly included in the order and judgment. The litigation was filed on behalf of Possehl as a named plaintiff. In its complaint, Possehl sought money from Homann and, in the counterclaim, Homann sought money from Possehl. The oral settlement agreement benefitted Possehl by ending the litigation in its entirety, including the counterclaim. In addition, Possehl was a "relevant" subsidiary at the time of the oral settlement and included as such in the term sheet.

Having reviewed the record, we are satisfied judgment was properly entered against MFC Industrial and Possehl.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5698-17T2